IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JAMES CHARLES JOHNSON                   §

v.                                      §     CIVIL ACTION NO. 6:04cv438

DIRECTOR, TDCJ-CID                      §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Charles Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson was convicted of murder in the 2nd Judicial District Court of Cherokee County, Texas, on July 17, 2002, receiving a sentence of 35 years in prison. He did not take a direct appeal, but filed a state habeas corpus application on September 16, 2003. The Texas Court of Criminal Appeals ordered the trial court to develop additional facts, and the trial court entered findings of facts and conclusions of law on February 13, 2004. On August 31, 2004, the Court of Criminal Appeals denied Johnson's state habeas petition on the findings of the trial court. Johnson signed his federal habeas corpus petition on September 13, 2004, asserting that he received ineffective assistance of counsel and that he was denied his right to appeal.

The Magistrate Judge originally recommended *sua sponte* that Johnson's petition be dismissed because of the expiration of the statute of limitations. Johnson filed objections to this Report, arguing that the limitations period should not have expired because he mailed his state habeas petition on July 5, 2003, but the state court waited until September 16 in which to file it.

1

Johnson claimed that he was thereby "induced or tricked" into allowing the limitations period to expire.

The Magistrate Judge withdrew her Report and ordered the Respondent to answer Johnson's petition.  The Respondent answered the petition, arguing that Johnson's limitations period did expire.  The Respondent noted that although Johnson claimed that his state habeas petition was mailed on July 5, and the state district court did not file it until September 16, the cover letter which was attached to his petition was dated September 10.  Hence, Johnson's petition could not have been mailed before that date.  The Respondent also said that the mailbox rule does not apply to state habeas corpus petitions and that Johnson is not entitled to equitable tolling.

Johnson filed a response to the answer, but did not address the point about the date of his cover letter.  Instead, he argues again that he filed his state petition in July and says that he had "several documents" which should have tolled the limitations period.

On March 9, 2005, the Magistrate Judge issued another Report recommending that the petition be dismissed based on the expiration of the limitations period.  The Magistrate Judge concluded that Johnson could not have filed his petition in July, that Johnson was not entitled to equitable tolling, and that the "other documents" which Johnson filed were not "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. §2244(d)(2) and thus did not serve to toll the limitations period.

Johnson filed objections to this Report on March 30, 2005.  In his objections, Johnson says that the state trial court did not rule on his motion for an out-of-time appeal or his motion for appointment of counsel, and that the trial court did not notify him that his motions were improperly filed; he says that he could have re-filed them properly had the court done so.  Johnson also says that his motion for an out-of-time appeal invokes the state habeas corpus statute.  Johnson asks that the Court consider the fact that he was trying to do everything that he knew how to do.

Johnson's motions for an out-of-time appeal and for appointment of counsel are not applications for collateral relief even had they been properly filed.  Johnson does not contend that

these motions were properly filed, but blames the trial court for not telling him that they were improperly filed, even though the docket reflects that the motions were in fact ruled on.  The proper means to seek collateral relief is through the state habeas corpus procedures, and Johnson did not pursue these remedies until the statute of limitations had expired.  As the Magistrate Judge observed, Johnson waited over a year after his conviction became final in which to assert his *first* challenge to his conviction through the state habeas corpus procedures.  The Magistrate Judge correctly concluded that Johnson is not entitled to equitable tolling.  Johnson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 13th day of May, 2005.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE